1  RONALD L. YIN (Bar No. 063266)
   MARK FOWLER (Bar No. 124235)
2  CHRISTINE A. KERBA (Bar No. 209128)
   **GRAY CARY WARE & FREIDENRICH LLP**
3  2000 University Avenue,
   East Palo Alto, CA 94303-2248
4  Tel: (650) 833-2000
   Fax: (650) 833-2001
5
   William O. Ferron, Jr., *Pro Hac Vice* Pending
6  David V. Carlson, *Pro Hac Vice* Pending
   Timothy L. Boller, *Pro Hac Vice* Pending
7  **SEED INTELLECTUAL PROPERTY LAW GROUP PLLC**
   701 Fifth Avenue, Suite 6300
8  Seattle, Washington  98104
   Tel:  (206) 622-4900
9  Fax:  (206) 682-6031

10 Attorneys for Plaintiffs
   SEGA OF AMERICA, INC.
11 and SEGA CORPORATION

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                     SAN FRANCISCO DIVISION

                                          C 03    5468

15 | SEGA OF AMERICA, INC., a California    | Civil Action No.:
   | corporation, and SEGA CORPORATION,
16 | a Japanese corporation,                | **COMPLAINT FOR PATENT AND
                                            | COPYRIGHT INFRINGEMENT AND**
17 |               Plaintiffs,              | **UNFAIR COMPETITION**

18 |          v.                            | **DEMAND FOR JURY TRIAL**

19 | FOX INTERACTIVE, a Unit of FOX
   | FILMED ENTERTAINMENT; FOX
20 | FILMED ENTERTAINMENT, a Division
   | of FOX ENTERTAINMENT GROUP,
21 | INC., a Delaware corporation, doing
   | business as FOX INTERACTIVE; FOX
22 | ENTERTAINMENT GROUP, INC., a
   | Delaware corporation; FOX
23 | INTERACTIVE, INC., a Delaware
   | corporation; RADICAL GAMES LTD., a
24 | Canadian corporation, doing business as
   | RADICAL ENTERTAINMENT, INC.;
25 | and ELECTRONIC ARTS, INC., a
   | Delaware corporation,
26 |
27 |               Defendants.
28
                              -1-

GRAY CARY WARE    EM\7155386.1                    COMPLAINT FOR PATENT AND COPYRIGHT
& FREIDENRICH LLP 2503456-1                       INFRINGEMENT AND UNFAIR COMPETITION

Plaintiffs Sega of America, Inc. and Sega Corporation, by and through their attorneys, for their Complaint, aver and state as follows:

## NATURE OF ACTION

1. This is an action to halt ongoing and intentional patent infringement and copyright infringement and unfair competition, and to recover damages arising therefrom. This action is based on the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*, and California Civil Code § 17200 *et seq.*

## THE PARTIES

2. Plaintiff Sega of America, Inc. ("Sega America") is a California corporation with a principal place of business at 650 Townsend Street, Suite 650, San Francisco, California 94103-4908. Plaintiff Sega Corporation, also known by the Japanese language name Kabushiki Kaisha Sega and formerly known as Sega Enterprises, Ltd. ("Sega Corporation"), is a corporation organized and existing under the laws of Japan with a place of business in Tokyo, Japan. Plaintiffs Sega America and Sega Corporation are hereafter jointly referred to as "Sega."

3. Upon information and belief, Defendant Fox Interactive ("Fox Interactive") is a unit of Defendant Fox Filmed Entertainment. Upon information and belief, Defendant Fox Filmed Entertainment, doing business as Fox Interactive, is a division of Defendant Fox Entertainment Group, Inc., a Delaware corporation, with a place of business at 10201 West Pico Boulevard, Los Angeles, California 90035. Upon information and belief, Fox Interactive, Inc. is a Delaware corporation. Defendants Fox Interactive, Fox Entertainment Group, Inc., Fox Filmed Entertainment and Fox Interactive, Inc. are hereinafter jointly referred to as "Fox." Upon information and belief, the Fox Defendants are jointly controlled and mutually directed the activities complained of herein.

4. Upon information and belief, Defendant Radical Games Ltd. is a Canadian corporation doing business as Radical Entertainment, Inc., with a place of business at 369 Terminal Avenue, Eighth Floor, Vancouver, British Columbia, Canada V6A 4C4. Radical Games Ltd. and Radical Entertainment, Inc. are hereinafter jointly referred to as "Radical."

5.      Upon information and belief, Defendant Electronic Arts, Inc. ("EA") is a Delaware corporation with a place of business at 209 Redwood Shores Parkway, Redwood City, California 94065.

## JURISDICTION AND VENUE

6.      This action arises under the Patent Act, 35 U.S.C. § 271 *et seq.*, and the Copyright Laws, 17 U.S.C. § 101 *et seq.*, of the United States. The Court has original jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction over the state law claims is appropriate under principles of supplemental jurisdiction, 28 U.S.C. § 1367.

7.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b). Defendants have entered, and are currently in, this district promoting their products and services, a substantial part of the events giving rise to the claims occurred in this district, and a substantial part of the injury to Plaintiffs' property that is the subject of this action occurs in this district.

## INTRA-DISTRICT ASSIGNMENT

8.      Venue is proper in the San Francisco Division pursuant to Civil L.R. 3-5(b) and Civil L.R. 3-2(c), in that a substantial part of the events or omissions that give rise to the claim occurred in San Francisco.

## PLAINTIFFS AND THEIR RIGHTS

9.      Sega is a world leader in the computer and video game industry and produces and markets a wide range of games.

10.     In 1999, Sega completed and introduced an original game called "Crazy Taxi" in which game players drive taxis to pick up passengers and deliver them to various destinations. The Crazy Taxi game is an original and unique work, which was an instant commercial success.

11.     Sega's Crazy Taxi game includes novel inventions for which Sega applied for and was duly granted a U.S. Patent. On March 13, 2001, the United States Patent and Trademark Office issued United States Patent No. 6,200,138 (hereafter "the '138 patent"), entitled "Game Display Method, Moving Direction Indicating Method, Game Apparatus and Drive Simulating

-3-

1  Apparatus." Sega Corporation is the assignee and sole owner of the '138 patent, a copy of which
2  is attached hereto as Exhibit A.

3      12.    Crazy Taxi was highly praised in the media when it was released. Attached hereto
4  as Exhibit B are true and correct copies of a trade press review of the Crazy Taxi game.

5      13.    Crazy Taxi was a highly successful game in the consumer market. It has sold over 2
6  million copies on many game platforms, including Dreamcast, Playstation 2, XBox and Game
7  Cube.

8      14.    Attached hereto as Exhibit C are true and correct copies of screen printouts from
9  Sega's "Crazy Taxi" game.

10      15.    Pursuant to 35 U.S.C. § 282, the '138 patent is presumed valid.

11      16.    Sega Corporation owns the copyrights in and to the Crazy Taxi game including the
12  following works: Sega's CRAZY TAXI arcade version, first published in Japan in February 1999
13  and derivative versions thereof; and Sega's CRAZY TAXI Dreamcast version, first published in
14  Japan in January 2000, and derivative versions thereof (collectively "Sega's Copyrighted
15  Works").

**DEFENDANTS' INFRINGING ACTIVITIES**

17      17.    Upon information and belief, Defendants Fox and Radical set out to deliberately
18  copy and imitate Sega's Crazy Taxi game, taking specific steps to develop a game like Crazy
19  Taxi. Fox titled it "Simpsons Road Rage" and marketed it in competition with Sega's Crazy Taxi
20  game.

21      18.    Upon information and belief, Defendants Fox and Radical based their Simpsons
22  Road Rage game on Sega's Crazy Taxi game and used Sega's Crazy Taxi game to aid in the
23  planning, design and production of their Simpsons Road Rage game.

24      19.    Defendants released for sale Simpsons Road Rage after the issuance of Sega's
25  '138 patent and continue to offer it for sale today. It has sold over 1.3 million copies.

26      20.    Defendants Fox's and Radical's copying of Crazy Taxi and of the inventions of the
27  '138 patent were so close that screen views of Simpsons Road Rage game correspond very
28  strongly to the corresponding screen views of the '138 patent. For example, the main features of

-4-

1  Figures 12, 13 and 14 of the '138 patent are found in the corresponding screen views of the
2  Simpsons Road Rage game.

3      21.    Screen shots from Simpsons Road Rage compared to Sega's '138 patent are shown
4  in Exhibit D.  Exhibit D1 Compares Figure 12 of the '138 patent to Simpsons Road Rage
5  showing an emphatic display for picking up a passenger.  Exhibit D2 compares figure 13 of the
6  '138 patent to Simpsons Road Rage driving on the roadway.  Exhibit D3 compares Figure 14 of
7  the '138 patent to Simpsons Road Rage showing an emphatic display of a destination.

8      22.    The Simpsons Road Rage game was instantly recognized by the trade press as a
9  derivative copy of Sega's Crazy Taxi game.  Attached hereto as Exhibit E are true and correct
10 copies of example trade press reviews, and excerpts therefrom.

11     23.    A review at GameShark.com states that Simpsons Road Rage game is "a straight
12 Crazy Taxi ripoff.  I'm surprised there hasn't been a lawsuit."

13     24.    A review in Next Generation magazine states: "It would be misleading to say Road
14 Rage is similar to Crazy Taxi.  Road Rage basically IS Crazy Taxi."

15     25.    The review in Next Generation magazine goes on to state: "In the end Road Rage
16 is significant only as the most shameless incident of design burglary in recent memory."

17     26.    Exhibit F shows how each of claims 17 through 26 are found in the Simpsons
18 Road Rage Game.

19     27.    Defendants have promoted, manufactured, copied, sold and distributed the
20 Simpsons Road Rage game, and continue to promote, manufacture, copy, sell and distribute the
21 Simpsons Road Rage game, throughout the United States and in this judicial district.

22     28.    Fox has formally stated that they will indemnify Electronic Arts, Inc. with regards
23 to this matter.  Attached is a letter from counsel for Fox Interactive on Fox Interactive letterhead
24 stating this indemnification.  See Exhibit G.

## FIRST CLAIM FOR RELIEF

## **PATENT INFRINGEMENT**

27     29.    Sega repeats and realleges each of the allegations contained in paragraphs 1
28 through 28 of this Complaint.

30. Upon information and belief, Defendants have been and are infringing each of claims 17 through 25, and claim 26 as it depends from claims 17-22 of the '138 patent by importing, manufacturing, using, offering for sale or selling, or by causing others to import, manufacture, use, offer for sale or sell, Simpson's Road Rage in the United States and in this judicial district.

31. On information and belief, Defendants have been and are inducing others to infringe each of claims 17 through 25, and claim 26 as it depends from claims 17-22 of the '138 patent by inducing others to import, manufacture, use, offer for sale or sell Simpsons Road Rage throughout the United States and in this judicial district.

32. On information and belief, Defendants have been and are contributing to the infringement of each of claims 17 through 25, and claim 26 as it depends from claims 17-22 of the '138 patent by importing, offering to sell or selling Simpsons Road Rage throughout the United States and in this judicial district.

33. Defendants had actual and constructive notice of Sega's rights respecting the '138 patent. Defendants have continued their infringing conduct notwithstanding notice from Sega.

34. Upon information and belief, Defendants' infringement has been willful.

35. Sega has been, and will continue to be, damaged by such infringement, inducement of infringement and contributory infringement in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendants have damaged, and will continue to damage, Sega's business, market, reputation, and goodwill unless the acts of Defendants complained of herein are enjoined.

## SECOND CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

36. Sega repeats and realleges each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37. Sega's Copyrighted Works contain material wholly original with Sega that is copyrightable subject matter under the copyright laws of the United States.

-6-

38.     Simpsons Road Rage is an unauthorized derivative work of Sega's Crazy Taxi. Defendants preparing and commercially selling this derivative work is a violation of the copyright laws under 17 U.S.C. § 106(2).

39.     Defendants are reproducing, transmitting, displaying, manufacturing, distributing, advertising, and creating derivative works based on Sega's Copyrighted Works in the United States. Such activities infringe Sega's copyrights in violation of 17 U.S.C. § 106.

40.     Defendants have actual and constructive notice of Sega's Copyrighted Works and Sega's rights in and to Sega's Crazy Taxi game. Defendants have continued their infringing conduct notwithstanding notice from Sega.

41.     Upon information and belief, Defendants' infringement has been willful.

42.     Sega has been, and will continue to be, damaged by such actions in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendants have damaged, and will continue to damage, Sega's business, market, reputation, and goodwill unless the acts of Defendants complained of herein are enjoined.

### THIRD CLAIM FOR RELIEF

### UNFAIR COMPETITION

43.     Sega repeats and realleges each of the allegations contained in paragraphs 1 through 42 of this Complaint.

44.     The conduct described in the Complaint constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code §§ 17200 *et seq.*

45.     These wrongful acts have proximately caused and will continue to cause Sega substantial injury including, but not limited to, loss of customers, lost profits, dilution of its goodwill, and injury to its reputation. These actions will cause imminent and irreparable harm and injury to Sega, the amount of which will be difficult to ascertain, if they continue. Sega is without an adequate remedy at law.

GRAY CARY WARE & FREIDENRICH LLP

EM\7155386.1
2503456-1

COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

## PRAYER FOR RELIEF

WHEREFORE, Sega respectfully demands judgment against the Defendants as follows:

1. That Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be enjoined and restrained from importing, manufacturing, using, offering for sale or selling Simpsons' Road Rage game in the United States.

2. That Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be enjoined and restrained from the promotion or advertising of Simpsons' Road Rage game.

3. That Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be required to recover from their distributors all copies of Simpsons' Road Rage.

4. That Defendants be required to prepare and deliver to the Court a complete list of entities to whom they distributed or sold Simpsons' Road Rage and to serve a copy of such list on Sega's attorneys.

5. That Defendants be required to deliver to the Court any and all documents reflecting or relating to the importation, purchase, sale or distribution of Simpsons' Road Rage and to serve a copy of such documents on Sega's attorneys.

6. That Defendants account for and pay over to Sega cumulative damages sustained by Sega by reason of Defendants' unlawful acts of patent infringement including interest and costs under 35 U.S.C. § 284.

7. That the amount of damages include at least the profits lost by Sega as a result of the infringement and sales of over 1.3 million copies of Simpsons Road Rage.

8. That Defendants' infringement of Sega's patent be found willful and that treble damages, together with interest and costs, be awarded under 35 U.S.C. § 284.

9. That the present case be found exceptional and that attorneys' fees be awarded to Sega under 35 U.S.C. § 285 or as otherwise permitted by law.

GRAY CARY WARE & FREIDENRICH LLP

EM\7155386.1
2503456-1

COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

10. That Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be enjoined and restrained from all acts that infringe Sega's copyrights, including reproducing, displaying, distributing, transmitting, preparing derivatives, licensing, transferring, manufacturing, importing, offering for sale and promoting any video or arcade games that are based in whole or in part on, or derived from, or that otherwise infringe Sega's Copyrighted Works.

11. That Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be required to deliver to Sega all originals, copies, facsimiles, duplicates, derivatives and products shown to infringe Sega's Copyrighted Works, including all video and arcade games that are based in whole or in part on, or derived from, Sega's Copyrighted Works.

12. That Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be required to recall from all distributors, wholesalers, suppliers and jobbers, and to deliver to Sega, all originals, copies, facsimiles, duplicates, derivatives and products that infringe Sega's copyrighted works, including all Simpsons Road Rage video games, that are based in whole or in part on Sega's Copyrighted Works.

13. That Defendants be required to pay Sega such damages as Sega has sustained, or will sustain, in consequence of Defendants' copyright infringement, including lost profits, but in no event less than a reasonable royalty, and to account for all gains, profits and advantages derived by Defendants that are attributable to such unlawful acts; and that Sega be awarded costs of this action, including attorneys' fees, pursuant to 17 U.S.C. § 505.

14. That Defendants, by their conduct, be adjudged and decreed to have committed acts of unfair competition under California Business and Professions Code §§ 17200 *et seq.*

15. That Defendants be directed to file with this Court and serve on Sega within thirty (30) days after the service of an injunction a report in writing, under oath, setting forth in detail the manner and form in which each Defendant has complied with the injunction.

16. That Defendants be ordered to pay to Sega prejudgment and postjudgment interest on all sums allowed by law.

17. That Sega have such other and further relief as this Court may deem just and proper.

Dated: December 4, 2003.

GRAY CARY WARE & FREIDENRICH LLP

RONALD L. YIN
MARK FOWLER
CHRISTINE A. KERBA
Attorneys for Plaintiffs
SEGA OF AMERICA, INC. and
SEGA CORPORATION

GRAY CARY WARE
& FREIDENRICH LLP

EM\7155386.1
2503456-1

-10-

COMPLAINT FOR PATENT AND COPYRIGHT
INFRINGEMENT AND UNFAIR COMPETITION

## DEMAND FOR JURY TRIAL

Plaintiffs Sega of America, Inc. and Sega Corporation hereby demand trial by jury as to all issues triable by jury alleged in this action.

Dated: December 4, 2003.

GRAY CARY WARE & FREIDENRICH LLP

/s/ 
RONALD L. YIN
MARK FOWLER
CHRISTINE A. KERBA
Attorneys for Plaintiffs
SEGA OF AMERICA, INC. AND
SEGA CORPORATION